UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

KARA GUINAN,                          )
                                      )
          Plaintiff                   )
                                      )
     v.                               )          No. 2:25-cv-00473-LEW
                                      )
UNIVERSITY OF NEW ENGLAND,            )
                                      )
          Defendant                   )

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Kara Guinan has brought this civil action against Defendant University of New England (UNE), where she was enrolled as a student, alleging violations of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, as well as negligence, breach of contract, and denial of educational opportunity. The matter is before the Court on Defendant's Motion to Dismiss (ECF No. 22). For the following reasons, the Motion is GRANTED.

## BACKGROUND

According to Plaintiff's Complaint, the factual contents of which I take as true, Plaintiff enrolled at UNE in November 2022 for coursework required to obtain licensure as a Registered Dietitian. Am. Compl. ¶ 1. During her enrollment, she experienced technical failures that impeded her access to UNE's online platforms and prevented her from completing coursework on time. Am. Compl. ¶ 2. She reported these issues to IT and campus security, but UNE failed to correct the problems in a timely manner. *Id.*

On January 24, 2023, Plaintiff submitted an "Application for Reasonable Accommodations" for Online Courses to UNE's Student Access Center.[1] Am. Compl. ¶ 3. In that application, she disclosed disabilities including ADHD and an unspecified eating disorder "with Generalized Anxiety Disorder." *Id*.; *see also* ECF No. 1-3. She requested accommodations, including extended deadlines when technical difficulties or her disability interfered with coursework. Am. Compl. ¶ 4. UNE acknowledged receipt of the application, and a Student Access Center representative contacted Plaintiff to request permission to share her request with program leadership and her instructor. Am. Compl. ¶¶ 5-6.

On February 2, 2023, while her accommodations request was pending, Plaintiff received a message from one of her instructors questioning Plaintiff's ability "to come out of either of these courses with a passing grade," which Plaintiff found disparaging.[2] Am. Compl. ¶ 7. The next day, Plaintiff's assigned Student Support Specialist sent her withdrawal forms to sign and return.[3] Am. Compl. ¶ 9. During March and April, Plaintiff requested permission to retake a course ("APN 730") "with appropriate accommodations in place." Am. Compl. ¶ 11. On April 13, Program Director Elizabeth Dodge rejected Plaintiff's request to re-enroll in that course, explaining that the decision "was based on faculty feedback, faculty documentation of issues, and concerns about 'professionalism.'"[4] Am. Compl. ¶ 12. Plaintiff subsequently completed equivalent coursework at another institution, but claims that, because of UNE's treatment of her, she was unable to take the

---

[1] Plaintiff refers to this document in her Complaint as "Exhibit A."
[2] Plaintiff refers to this email in her Complaint as "Exhibit C."
[3] Plaintiff refers to this email in her Complaint as "Exhibit B."
[4] Plaintiff refers to this email in her Complaint as "Exhibit D."

courses she needed before a January 1, 2024, licensure rule change, delaying her licensure and causing her to incur additional tuition and expenses, emotional distress, and reputational harm.  Am. Compl. ¶ 15.  She seeks damages for tuition and travel expenses, lost wages, "anticipated graduate tuition," and emotional distress and reputational harm. Am. Compl. § V.

## DISCUSSION

Defendant's Motion to Dismiss argues that Plaintiff lacks standing to bring Count I and has otherwise failed to state a claim for which relief can be granted.  I address each argument in turn, mindful that because Plaintiff proceeds pro se in this matter, her filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Nonetheless, "Plaintiff's pro se status does not absolve [her] of having to comply with this Court's procedural and substantive law." *Livingston v. BJ's Wholesale Club, Inc.*, 625 F. Supp. 3d 1, 2 (D. Mass. 2022).

## I.   Count I

Defendant has moved to dismiss Count I of the Amended Complaint, violation of Title III of the ADA, for lack of subject matter jurisdiction.  *See* Mot. at 6-7; Fed. R. Civ. P. 12(b)(1).  "[S]tanding is a prerequisite to a federal court's subject matter jurisdiction." *Dantzler, Inc. v. Empresas Berrios Inventory & Operations, Inc.*, 958 F.3d 38, 46 (1st Cir. 2020).  "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw reasonable inferences in the plaintiff's favor."

*Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).  The district court may also "consider whatever evidence has been submitted, such as the depositions and exhibits submitted." *Id*. (citation omitted).

Defendant argues that Plaintiff lacks standing to bring her Title III claim, because the only remedy available under Title III is prospective injunctive relief.  "Title III is not intended to provide redress [to individuals] for past discrimination that is unlikely to recur." *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 304 (1st Cir. 2003).  "Accordingly, plaintiffs in Title III cases are generally required to show 'some ongoing harm (or, at least, a colorable threat of future harm).'" *Mission Working Dogs v. Brookfield Properties Retail, Inc.*, 770 F. Supp. 3d 214, 257 (D. Me. 2025) (citation omitted).  Plaintiff's Amended Complaint does not seek injunctive relief—only damages.[5]  Moreover, Plaintiff has not been enrolled at UNE since 2023 and no longer has any need for UNE's academic offerings, having completed her required coursework elsewhere.  "A plaintiff who is not likely to benefit from injunctive relief lacks standing to pursue it." *Colligan v. Mary Hitchcock Mem. Hosp.*, No. 16-cv-513, 2018 WL 6607706, at *6 (D.N.H. Dec. 17, 2018) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Count I is DISMISSED.

---

[5] In addition, Plaintiff indicates in her response that, after she withdrew, "UNE published revised student handbook materials in April 2023 that introduced identity verification procedures and formalized withdrawal and grading practices that were not in place during Plaintiff's enrollment."  Resp. at 5.  It is therefore unclear to me what ongoing harm there is here that could be remedied by the variety of injunctive relief available under Title III.

## II.    Counts II, III, IV and V

Defendant moves to dismiss the remaining counts for failing to state a claim for which relief may be granted, citing Rule 12(b)(6).  To avoid dismissal, a complaint need only contain "a short and plain statement," Fed. R. Civ. P. 8(a)(2), that provides "enough facts to state a claim for relief that is plausible on its face," as opposed to one that is merely conceivable, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  I am to make this assessment by first "identifying and disregarding statements in the complaint that merely offer legal conclusions," and then considering whether the non-conclusory factual allegations, taken as true, state a plausible claim for relief.  *Ocasio-Henandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (cleaned up).

At Count II, Plaintiff alleges that UNE's treatment of her violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).  To state a claim for relief under Section 504, Plaintiff must plausibly allege that she (1) is disabled, (2) sought services from a federally funded entity, (3) was "otherwise qualified" to receive those services, and (4) was denied those services "solely by reason of her . . . disability." *Lesley v. Hee Man Chie*, 250 F.3d 47, 52-53 (1st Cir. 2001).  Even assuming that Plaintiff has plausibly alleged that she is disabled within the meaning of the statute, she has not plausibly alleged that her disability is the sole reason that she was denied services by UNE.  To the contrary, Plaintiff's Amended Complaint largely attributes her friction with UNE faculty, deficiencies in her academic performance, and her subsequent withdrawal from the course to the technical difficulties that impeded her access to UNE's online platform—not to any disability or

disability-related impediment.  Plaintiff's pleadings, in other words, fatally undercut her Rehabilitation Act claim.  Count II is DISMISSED.

At Count III, Plaintiff alleges that UNE was negligent in the operation of its online learning system and in its response to her request for accommodations.  "The duty of reasonable care that applies in an action for general negligence is a 'duty to act reasonably to avoid causing *physical harm* to others.'"  *Boivin v. Somatex, Inc.*, 279 A.3d 393, 397 (Me. 2022).[6]  Plaintiff alleges that UNE's actions and inactions caused her emotional distress and economic losses related to the delay of her licensure and additional coursework.  Neither suffices to support her negligence claim.  *See Curtis v. Porter*, 784 A.2d 18, 25 (Me. 2001) ("Although each person has a duty to act reasonably to avoid causing physical harm to others, there is no analogous general duty to avoid negligently causing emotional harm to others."); Restatement (Third) of Torts: Liab. for Econ. Harm § 1 (2020) ("An actor has no general duty to avoid the unintentional infliction of economic loss on another.").  Count III is DISMISSED.

At Count IV, Plaintiff alleges that UNE's conduct "deprived Plaintiff of a fair opportunity to complete required coursework under the pre-2024 licensure rules," which she labels "Denial of Educational Opportunity."  Am. Compl. § IV, Count IV ¶ 2. Defendant argues that this is not a recognized cause of action, and Plaintiff offers no response.  Count IV is DISMISSED.

---

[6] Defendant contends that Maine law applies, because as Plaintiff conceded in her motion to transfer her case from the Northern District of Florida (ECF No. 9), a substantial part of the events giving rise to her claims occurred in Maine.  Plaintiff does not resist this assessment with respect to Count III.

At Count V, Plaintiff alleges that she "entered into a contractual relationship with Defendant, which included promises of academic access and an accommodation process," by "enrolling and paying tuition," and that "Defendant breached this contract by failing to provide functional access, failing to implement accommodations, and denying re-enrollment under the guise of 'student success.'" Am. Compl. § IV, Count V ¶¶ 2-3. "In the alternative," she alleges, "Defendant's policies and communications reasonably induced Plaintiff to rely on the availability of accommodations and educational access, to her detriment." Am. Compl. Count V ¶ 4. Plaintiff's Amended Complaint does not contain sufficient factual matter to allow the Court to evaluate this claim, which (under both Maine and Florida law)[7] would require determining (1) whether a contract was formed, and if so, (2) what terms it included and (3) whether Defendant breached any of those terms. In her response to Defendant's Motion, Plaintiff points to "UNE's governing materials and practices" as the source of UNE's "contractual obligations" to her. Resp. at 6. It remains unclear what materials and practices Plaintiff has in mind, or what those materials and practices actually say. Because the Amended Complaint contains only the vaguest factual information shrouded in legal conclusions to support Plaintiff's breach of contract claim, Count V is DISMISSED. Dismissal of this count is without prejudice, should Plaintiff wish to provide the additional factual information needed to state a plausible (and not merely speculative) claim for relief.

---

[7] The parties dispute which applies.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 22) is GRANTED.  The Amended Complaint (ECF No. 8) is dismissed with prejudice, except as to Count V, which is dismissed without prejudice.

SO ORDERED.

Dated this 23rd day of July, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge